**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS ) <br> AND WAREHOUSE WORKERS UNION ) <br> (INDEPENDENT) PENSION FUND, and ) <br> JACK STEWART, Trustee, ) <br> ) <br>                 **Plaintiff,** ) <br> ) <br>                 **v.** ) <br> EL PASO CGP COMPANY, ) <br> EL PASO MIDWEST COMPANY, ) <br> EL PASO CNG COMPANY, L.L.C., and ) <br> AMERICAN NATURAL RESOURCES ) <br> COMPANY ) <br> ) <br> ) <br>                 **Defendants.** ) | No.   04 C 7872 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER REGARDING JUDGMENT

Plaintiff Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent) Pension Fund and Jack Stewart, Trustee (collectively "Plaintiff") instituted an action to collect withdrawal liability payments due under the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §§1001-1461 against Defendants El Paso CGP Company, El Paso Midwest Company, El Paso CNG Company, L.L.C., and American Natural Resources Company (collectively "Defendants"). This Court has already entered summary judgment against the Defendants. Before this Court now is Defendant's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and For a Stay Under Rule 62(b). Defendant's motion is DENIED for the reasons stated below.

**FACTUAL BACKGROUND**

On November 18, 2004, the Plaintiff sent a notice and demand to Defendants in accordance with ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). Defendants received the notice and demand on or about November 20, 2004. The invoice attached thereto notified Defendants that they were required to discharge their withdrawal liability of $1,747,610.03 in a lump sum or in nine quarterly payments of $185,989.00 and one final quarterly payment of $181.200.54.

On February 15, 2005, Defendants requested that the Plaintiff review the withdrawal liability assessment. Defendants made the first quarterly payment of withdrawal liability required by the Fund's November 18, 2004 schedule (and due on December 1, 2004) on or about February 10, 2005. Plaintiff instituted this action on or about December 6, 2004. The second payment was due March 1, 2005 and Defendants made the payment on or about March 30, 2005. The third payment was due June 1, 2005; Defendants paid on or about June 24, 2005. The fourth payment was due September 1, 2005; Defendants paid on or about September 29, 2005. Defendants demanded arbitration on August 3, 2005.

On or about April 17, 2006, Plaintiff successfully moved this Court for summary judgment on the issue of whether it was entitled to the entire amount of withdrawal liability, plus interest, statutory liquidated damages and attorneys' fees and costs. The Court also found that the Defendants had failed to timely initiate arbitration. On or about May 1, 2006, Plaintiff filed a Motion for Entry of Judgment Amounts, which sought $349,522 in liquidated damages in addition to the principal amount of withdrawal liability, interest thereon and attorneys' fees and costs. Defendants filed a memorandum in opposition to Plaintiff's motion, which *did not include* any specific objection to the liquidated damages amount. However, on or about June 9, 2006, this

Court denied Plaintiff's Motion for Entry of Judgment Amounts in the Order of June 9, 2006 that expressly found, amongst other important facts, that Defendants had not defaulted within the meaning of 29 U.S.C. § 1399(c)(5).

On or about July 20, 2006, Plaintiff filed an Amended Motion for Judgment in which it asked for $349,522.00 again in liquidated damages. The Defendants were found by this Court to owe $1,747,610.00 in unpaid contributions (i.e., withdrawal liability), as well as interest on the unpaid contributions (also withdrawal liability), liquidated damages, and attorney's fees and costs to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2). The figure was based on statutory provisions allowing a fund to receive as liquidated damages either twenty percent of the unpaid contributions or interest on the unpaid contributions, whichever is greater. Judgment was entered in favor of Plaintiff Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent) Pension Fund and Jack Stewart, Trustee, and against Defendants El Paso CGP Company, El Paso Midwest Company, El Paso CNG Company, L.L.C., and American Natural Resources Company, jointly and severally, on Count I of the Complaint, in the total amount of $354,188.08. That judgment amount was lower than the $1,747,610.00 amount that was unpaid when Plaintiff filed suit because the judgment amount accounted for the payments made by Defendants to Plaintiff while the action was pending. Thus, the judgment consisted of: (a) $4,666.08 in interest through July 20, 2006; and (b) $349,522.00 in statutory liquidated damages, as provided for under 29 U.S.C. § 1132(g)(2)(C)(ii).

In accordance with 29 U.S.C. § 1451(a) authorizing the Court to award equitable relief, Defendants El Paso CGP Company, El Paso Midwest Company, El Paso CNG Company, L.L.C., and American Natural Resources Company, jointly and severally, were ordered to make withdrawal liability payments to Plaintiff in the following amounts on the following dates, in accordance with the November 2004 schedule payments: (a) $185,989.00 on or before September

1, 2006; (b) $185,989.00 on or before December 1, 2006; and (c) $69,438.71 on before March 1, 2007. The final payment would take into account the payment received by Plaintiff in the related case, In re ANR Advance Transportation Company, Inc., Case No. 99-22155-JES (Bankr. E.D. Wis).

Pursuant to 29 U.S.C. § 1132(g)(2)(D), Plaintiff was found to also be entitled to reasonable attorney's fees and costs in an amount to be determined pursuant to Local Rule 54.3. Plaintiff was to proceed under Local Rule 54.3 as to attorney's fees and related non-taxable expenses and, pursuant to Fed. R. Civ. P. 54(d)(1), under Local Rule 54.1 and 28 U.S.C. § 1920 as to taxable costs. The Plaintiff was also awarded execution for the collection of the judgment and costs granted. This Court retained jurisdiction of this case to enforce its Order.

## STANDARD FOR GRANTING RULE 59(e) MOTIONS

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment after it was been entered. However, Rule 59(e) will only be granted when the court finds that there is newly discovered evidence or a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000); Russell v. Delkco Remy Div. Of General Motors Corp., 51 F.3d 746, 748 (7th Cir. 1995). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto, 224 F.3d at 606. The proper use of a Rule 59(e) motion is not "to advance arguments or theories that could and should have been made before the district court rendered a judgment (Anderson v. Flexel, Inc., 47 F.3d 243, 247-48 (7th Cir. 1995) (collecting cases)), or to present evidence that was available earlier ( King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994))...."

## DISCUSSION

The Defendants had ample opportunity to advance their objections to the liquidated damages award when they opposed the Plaintiff's Motion for Entry of Judgment Amounts, which sought $349,522 in liquidated damages. At that time, Defendants submitted a twelve page memorandum in opposition to the Plaintiff's motion, but failed to include any specific objection to the liquidated damages amount requested. Although the Defendants did object to the Plaintiff's assessment of accrued interest and the basis for that assessment, which was a fully accelerated amount of unpaid contributions, that objection does not save Defendants' present motion. Litigation must end at some point.

Defendants now argue that the Court failed to recognize controlling precedent that guides the fashioning of liquidated damages awards in withdrawal liability cases such as this one. They argue that the Seventh Circuit held that "when a fund has not accelerated payments of withdrawal liability due under a schedule issued by the fund, interest and liquidated damages under Section 502(g)(2)(C)(ii) cannot be awarded based on the full amount of the withdrawal liability assessment, but only on the overdue amount." (Defendant's Motion to Alter and Amend Judgment, ¶4, Docket no. 210-1); see Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526, 535 (7th Cir. 1997).

This Court agrees with the Defendant's suggested reading of precedent, yet ultimately disagrees that it applies to this case. In Century Motor, the defendant employer invoked arbitration. 125 F.3d at 529. In direct contrast, it was found in this case that the Defendants did not invoke arbitration. (See Memorandum Opinion and Order of April 17, 2006, pp. 15-18.) ERISA provides that withdrawal liability is "due and owing," 29 U.S.C. § 1401(b)(1), to a multiemployer pension plan when an employer is notified of its assessed liability but fails to

timely request review of the assessment or initiate arbitration.  29 U.S.C. §§ 1399(b)(1), 1399(b)(2), 1401(a)(1); Robbins v. Admiral Merchants Motor Freight, Inc., 846 F.2d 1054, 1056-57 (7th Cir. 1988).  Defendants did not invoke arbitration until August of 2005; several months after this action was commenced.  Thus, the issue and facts here are sufficiently different from the issue and facts of Century Motor such that Central Motor is not a controlling precedent and its holding does not make the liquidated damages award here a manifest error of law.

If an employer fails to initiate arbitration by the statutory deadline, the amount demanded by the pension fund is deemed to be due and owing.  29 U.S.C. § 1401(b)(1).  Defendants argue that they persuaded this Court that "the full, accelerated amount of Plaintiffs' withdrawal liability assessment was not 'delinquent' because it had not been accelerated."  (Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and For a Stay Under Rule 62(b), p.6.)  The Defendants are incorrect.  The Court merely found that there was no default.  Clearly, the record demonstrates Defendants were delinquent in paying their first four payments under the plan's schedule, and thus subject to liquidated damages.

**CONCLUSION**

For the reasons stated above Defendant's Motion to Alter or Amend Judgment and For a Stay Pursuant to Rule 62(b) is DENIED.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated: October 17, 2006.**